**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TAX CERTIFICATE CONSULTANTS INC., *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| BRONSON LEE PARTNERS FUND III, LLC, *et al.*, | * |
| | * |
| Defendants. | * |

Civil Action No. RDB-20-2998

*   *   *   *   *   *   *   *   *   *   *   *   *

## <u>MEMORANDUM ORDER</u>

On September 14, 2020 the Plaintiffs Tax Certificate Consultants, Inc., Terrapin Certificates, LLC, and James F. Truitt, P.A. (collectively "the Plaintiffs") filed a Complaint in the Circuit Court for Baltimore County, Maryland against Defendant Bronson Lee Partners Fund III, which does business in Maryland through Co-Defendants Thornton Mellon LLC, Danny Noonan LLC, and Al Czervik LLC, and its controlling members Geoffrey B. Polk, Edward D. Tilly, and Christopher Brusznicki (collectively "the Defendants"), titled *Tax Certificate Consultants, Inc. v. Bronson Lee Partners Fund, III, LLC*, No. C-03-CV-20-00379.  On October 16, 2020, the case was removed to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.  (*See* ECF No. 1.)  The Plaintiffs' single-count Complaint alleges that the Defendants have engaged in tortious interference with prospective contractual relations and economic advantage.  (*See* ECF No. 1-1.)  Specifically, the Plaintiffs allege that the Defendants avoided attorney's fees by using non-lawyers to perform legal work; robo-signed pleadings and other papers in connection with tax lien

foreclosure actions in violation of Maryland law; and shared statutory attorney's fees with non-lawyer investors as profits. (*Id.* ¶ 14.) The Plaintiffs further allege that the Defendants engaged in this multi-step scheme with the tortious intent to benefit themselves at the expense of other competing tax lien certificate investors like the Plaintiffs. (*Id.* ¶ 27.) Presently pending is the Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 2). For the foregoing reasons, the Defendants' Motion is DENIED.

As the basis of this Court's jurisdiction lies in diversity of citizenship, under 28 U.S.C. § 1332(a), Maryland law applies. *Hartford Fire, Ins. Co. v. Harleysville, Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Maryland law has long recognized the tort of interference with contracts. *See Trimed, Inc. v. Sherwood Med. Co.*, 977 F.2d 885, 889 (4th Cir. 1992) (collecting cases). While this tort often encompasses wrongful interference with a party to a contract resulting in a breach, *see Nat. Design, Inc. v. Rouse Co.*, 485 A.2d 663, 674 (Md. 1984), the "broader form" of the tort "encompasses other sorts of wrongful inference" with "business expectations, or economic relationships where no contract exists." *Lake Shore Invs. v. Rite Aid Corp.*, 509 A.2d 727, 731 (Md. Ct. Spec. App. 1986); *see also Trimed*, 977 F.2d at 889. The elements required to establish the tort of wrongful interference with contractual or business relations include: (1) "intentional and willful acts;" (2) "calculated to cause damage to the plaintiffs in their lawful business;" (3) "done with the unlawful purpose to cause such damages and loss, without right or justifiable cause on the part of the defendants (which constitutes malice);" and (4) "actual damage and loss resulting." *Kaser v. Fin. Prot. Mktg., Inc.*, 831 A.2d 49, 53 (Md. 2003) (citations omitted).

A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). This Court accepts as true all well-pled factual allegations in the Plaintiffs' Complaint. *Iqbal*, 556 U.S. at 678-79. The facts as alleged in the Complaint present a plausible claim to relief for tortious interference with prospective contractual relations and economic advantage.

The Plaintiffs have sufficiently alleged intentional, wrongful acts on the part of the Defendants. The Complaint first alleges that the Defendants engaged in robo-signing of pleadings and other papers in connection with tax lien foreclosure actions. (*See* ECF No. 1-1 ¶ 14.) In support of this allegation, the Plaintiffs claim that its attorney's signatures on the Court of Appeals' registry and other documents signed under penalty of perjury do not match his purported signature on certain pleadings, filing fees, and deeds. (*Id.* ¶¶ 15-25.) The Maryland Court of Appeals has repeatedly emphasized the importance of rules requiring signing and notarizing foreclosure filings. *See Att'y Grievance Comm'n of Md. v. McDowell*, 93 A.3d 711, 714-15 (Md. 2014); *Att'y Grievancce Comm'n of Md. v. Geesing*, 80 A.3d 718, 726-27 (Md. 2013); *Att'y Grievance Comm'n of Md. v. Dore*, 73 A.3d 161, 185-86 (Md. 2013). Further, the Complaint also alleges that the pattern and volume of the inconsistent signatures suggest that the Defendants have engaged non-attorneys in the unsupervised and unauthorized

practice of law.  (ECF No. 1-1 ¶¶ 14, 18, 24.)  Maryland law does permit delegation to non-lawyers, however, such delegation requires the delegating attorney to supervise and retain responsibility for the delegated work.  *See* Md. Code Ann, Md. R. Attorneys, Rule 19-305.5. Maryland law also does not permit attorney's fees to be shared with non-attorneys.  *Id.* at Rule 19-305.4.  The Complaint alleges that the Defendants have admitted to engaging in such fee-sharing when they stated that "the vast majority of [their] total return can be attributed to current cash flow from statutory fees and interest."  (ECF No. 1-1 at 79 of 88.)

This alleged wrongful conduct is not protected by the judicial privilege doctrine. Judicial privilege is an "absolute privilege" which protects judges, attorneys, parties, and witnesses from liability for publishing defamatory statements made during the course of a judicial proceeding.  *See Adams v. Peck*, 415 A.2d 292, 293 (Md. 1980).  This doctrine does apply to statements published in pleadings and other documents prepared for possible use in connection with a pending judicial proceeding.  *Id.* at 294.  However, the ultimate purpose of the doctrine is to achieve "the proper administration of justice" by allowing participants in the judicial process to engage "without being hampered by fear of private suits for defamation."  *Id.*  The privilege thus applies to defamatory statements, not to violations of the rules of professional responsibility such as robo-signing pleadings, unauthorized practice of law, and fee-sharing with non-attorneys.

The Plaintiffs have also sufficiently pled the existence of a legally recognizable business expectancy, and in alleging interference with that expectancy, have sufficiently alleged their standing to bring this suit.  A legally recognizable business expectancy may include an opportunity to bid on and potentially win a contract, even when others are

4

competing for the same contract, *see Nat'l R.R. Passenger Corp. v. Veolia Transp. Servs., Inc.*, 592 F. Supp. 2d 86, 98 (D.D.C. 2009), as well as a plaintiff's economic expectation in the outcome of an auction, *see Walters v. Blankenship*, 913 So. 2d 137, 141 (Fla. Dist. Ct. App. 2006). The Plaintiffs' Complaint alleges that they have an established history of successfully bidding on tax lien certificates over the last fourteen years, and they argue that this history represents a business expectancy. (ECF No. 1-1 ¶¶ 7, 10.) The Plaintiffs also allege that the Defendants, since they began operating in Maryland, have secured an increasingly greater share of those tax lien certificates each year to the detriment of Plaintiffs and other investors in tax lien certificates. (*Id.* ¶ 29.) The Plaintiffs have sufficiently alleged the existence of a business expectancy and damage to such expectancy so as to survive the Defendants' Motion to Dismiss.

Finally, this Court notes the "general rule" that "corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body." *Metromedia Co. v. WCBM Maryland, Inc.*, 610 A.2d 791, 794 (Md. 1992) (citing *Tedrow v. Deskin*, 290 A.2d 799, 802-03 (Md. 1972)). Accordingly, Polk, Tilly, and Brusznicki may be named as Defendants in this case. The Plaintiffs allege that each engaged in wrongful acts on behalf of the corporation. (*See* ECF No. 1-1 ¶¶ 16-18, 22-24, 27.)

Accordingly, this 10th Day of December, 2020, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 2) is DENIED; and

2. The Clerk of Court shall transmit a copy of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge